[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-11534

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 11, 2009
THOMAS K. KAHN
CLERK

D.C. Docket No. 05-01038 CV-F-N

MAC East, LLC,
a Limited Liability Company,

Plaintiff-Appellee,

versus

SHONEY'S,
a Limited Liability Company,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(August 11, 2009)

Before BLACK, CARNES and COX, Circuit Judges.

PER CURIAM:

Our previous opinion in this case, *MAC East, LLC v. Shoney's*, 535 F.3d 1293

(11th Cir. 2008), sets out the facts of this case. That opinion addressed and resolved

the issues on appeal relating to MAC East's tortious interference claim. The issues on appeal relating to MAC East's breach of contract claim, however, which asserted that Shoney's breached its contract with MAC East by withholding consent to MAC East's proposed sublease, were left unresolved. Specifically, Shoney's challenged in its appeal the district court's grant of partial summary judgment in favor of MAC East on its breach of contract claim and the court's denial of Shoney's motion for summary judgment on that claim. The propriety of the district court's grant of partial summary judgment to MAC East, and its denial of summary judgment to Shoney's, presented an issue of Alabama law that we considered unclear. Accordingly, we certified the following question to the Alabama Supreme Court:

> Under Alabama law, when an assignment contract gives the assignor "sole discretion" to withhold consent to the assignee's proposed sublease, is the assignor's exercise of that discretion subject to a commercial reasonableness standard, or any other standard?

535 F.3d at 1299. The Alabama Supreme Court answered the question in the negative, holding that, when an assignment contract grants the assignor the "sole discretion" to withhold consent to a proposed sublease, the exercise of that "sole discretion" is not subject to a commercial reasonableness standard or any other standard. *Shoney's LLC v. MAC East, LLC*, __ So.3d __, 2009 WL 2343674, at *6 (Ala. 2009).

2

Given the Alabama Supreme Court's answer, the district court erred in concluding that Shoney's exercise of its "sole discretion" to withhold consent was subject to a commercial reasonableness standard. In the contract assigning the lease at issue, called the Assignment Agreement, the parties contracted for Shoney's to have "sole discretion" to withhold consent to a proposed sublease. Therefore, Shoney's did not, as a matter of law, breach the Assignment Agreement by withholding its consent to a proposed sublease.

For these reasons, the district court erred in granting MAC East summary judgment as to liability on the breach of contract claim and in denying Shoney's summary judgment on that claim.

In our prior opinion, we held that the district court erred in granting MAC East partial summary judgment on the tortious interference claim and in denying Shoney's summary judgment on that claim, and reversed the district court's order granting partial summary judgment to MAC East on that claim. *MAC East*, 535 F.3d at 1298. Because we now conclude that the district court also erred in granting MAC East partial summary judgment on the breach of contract claim and in denying Shoney's summary judgment on that claim, we also reverse the district court's order granting partial summary judgment to MAC East on its breach of contract claim and direct the district court to enter summary judgment in favor of Shoney's on that claim. Because

3

no portion of the judgment in favor of MAC East still stands, we need not address whether any attorney's fees awarded as part of that judgment were appropriate.

REVERSED AND REMANDED WITH INSTRUCTIONS.